WILLIAM SILLIMAN, plaintiff in error, *v.* SMITH FRYE, de-
fendant in error.

*Error to Peoria.*

The forty second section of the revenue law of Feb. 26, 1839, and the subsequent
amendments of that law, relating to the execution and delivery of deeds for
lands sold for taxes, anticipate that the delivery of the certificate of purchase
to the sheriff should precede the execution and delivery of the deed.   As the
law authorizes the assignment of the certificate of purchase, and the execu-
tion and delivery of the deed to the assignee, it cannot be determined to whom
the deed shall be made until the presentation of the certificate to the sheriff.
If several tracts were sold at the same sale, the purchaser or his assignee
may require all the tracts to be included in one deed.

A. purchased at a sheriff's sale for taxes, one hundred and fifty town lots, and
received the usual certificates of purchase therefor.  Subsequently he con-
veyed the same to B. and assigned his certificate of purchase to him.   The lots
not being redeemed, the sheriff, before being applied to for a deed by either
A. or B., and without any knowledge of the assignment, made and tendered to
A. a separate deed for each lot, and demanded his fees, which were refused by A.
*Held*, that the holder of the certificate might elect, whether he would have
separate deeds or one deed for the whole number of lots, and that the sheriff
should not make the deed until the certificate was presented; and that having
made the deeds before they were demanded, he could not recover his fees
therefor.

THIS cause was originally tried before Thomas Bryant
Esq., a justice of the peace of Peoria county, who rendered
a judgment in favor of Frye, the present defendant in error,
against Silliman, the plaintiff in error, for $37·50 and costs.
It was taken by appeal to the Circuit Court of that county,
where the judgment of the justice was affirmed at the June
term 1844, the Hon. John. D. Caton presiding.

*C. Ballance,* for the plaintiff in error:

By the Revenue law of Feb. 26, 1839, the sheriff is required
to make deeds for unredeemed lands on the return of the cer-
tificate of purchase, and not before.   The amendment to this
law, passed March 6, 1843, shows the necessity of waiting for
its return, that he may know to whom the deeds are to be
made.   If he makes them before a return, he does so at the risk
of losing his fees.   Laws of 1838-9, 17, § 42; do. of 1842-3,

238. In this case, the certificate of purchase having been assigned to Wren, and not returned to the sheriff for a deed, or deeds, he has no legal or equitable claim upon Silliman for his fees. The law authorizing the assignment of certificates of purchase applies to certificates already issued, as well as to those thereafter to be issued. Ibid.

*H. M. Wead,* for the defendant in error:

1. This action is founded on the 42d section of the Revenue Law of 1838-9. In sections thirty one, thirty four and forty two, certain duties are imposed upon the sheriff;.if he neglects to perform them, he forfeits his bond of office, and whoever is aggrieved may recover damages. The sheriff performed the duties enjoined in section forty two, and is entitled to the fees therefor. Laws of 1839-40, 4, § 8.

2. The law required a deed for each lot. Ib. § 42.

3. At the time of the assignment and deed from Silliman to Wren, there was no law authorizing such assignment, or permitting more than one lot in each deed. That law was passed March 6th, 1843. Laws of 1842-3, 238, 239.

4. The conveyance on record was no notice to the sheriff, because the deeds must have been made to the purchaser, and because such recording would not release Silliman from his liability to pay.

The Opinion of the Court was delivered by

Treat, J. Frye sued Silliman before a justice of the peace, and recovered a judgment for $37·50. The cause was taken by appeal to the Circuit Court. It was there heard by the Court on an agreed state of facts, substantially as follows: On the 29th day of April, 1841, Silliman purchased at the sheriff's sale for taxes, one hundred and fifty town lots, and received the usual certificates of purchase therefor. He then conveyed the lots to one Wren, and assigned to him the certificates. The deed to Wren was recorded on the 23d day of May, 1842. On the 18th day of May, 1843, the lots remaining unredeemed, Frye, as sheriff, tendered to Silliman a separate deed for each lot, and demanded his fees therefor.

Silliman refused, either to accept the deeds, or pay the fees. The sheriff had no actual knowledge of the conveyance to Wren, or of the assignment of the certificates; and neither Silliman nor Wren had applied to him for a deed. The Circuit Court affirmed the judgment of the justice, and that decision is here assigned for error.

The forty second section of the revenue law of the 26th of February, 1839, requires the sheriff immediately after the expiration of two years from the sale, to make out a deed for each lot or parcel of land sold, and remaining unredeemed, and deliver the same to the purchaser, on the return of the certificate of purchase. Laws of 1838-9, page 17. The first section of an Act amendatory of the foregoing law, approved March 6th, 1843, provides that all certificates of purchase may be assigned by indorsement thereon, and that the assignee shall be entitled to the deed. This provision is declared to apply as well to certificates theretofore issued, as to those thereafter to issue.

The third section provides, that whenever the original purchaser or assignee shall be entitled to deeds for more than one tract under the same sale, he shall have the right to require the sheriff to include all of the tracts, or as many thereof, as he may designate, in one deed. Laws of 1842-3, page 238.

The eighth section of the Act of the 1st of February, 1840, allows the sheriff for each deed made under the provisions of the revenue law, a fee of twenty five cents to be paid by the person receiving the deed. Laws of 1839-40, page 4.

These different provisions of the statute, relating to the same subject matter, should be considered together. The delivery of the deed is to be preceded by the return of the certificate of purchase. The law authorizing the assignment of the certificate, the sheriff cannot tell, until it is returned, to whom the deed is to be made whether to the original purchaser, or to his assignee. He ought, therefore, not to make the deed until the certificate is presented. The party, who is then entitled to the deed, may elect whether he will have the land included in one deed, or in several. The pro-

vision authorizing all of the tracts purchased at one sale, to be embraced in one deed, is a salutary one. It avoids the inconvenience of having numerous conveyances to real estate, situate in the same county, the title to which originates in a common source. It also dispenses with the unnecessary expense of the fees of the sheriff and recorder, in the execution and recording of the deeds. This case strongly illustrates the propriety of the provision.

The judgment of the Circuit Court is reversed with costs.

*Judgment reversed.*